UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMANDA GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-01220-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| COLORADO CASUALTY INSURANCE | ) | |
| COMPANY, a foreign corporation; DOE | ) | |
| INSURANCE COMPANY; DOES I through | ) | |
| X, inclusive, and ROES I through X, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion for More Definite Statement and/or Motion to Dismiss (ECF No. 4) filed by Defendant Colorado Casualty Insurance Company ("Defendant"). Plaintiff Amanda Golden ("Plaintiff") filed a Response and a Counter-Motion to Amend/Correct the Complaint. (ECF No. 9.)  However, the Court does not reach the merits of these motions because the Court lacks subject matter jurisdiction over the case.  Accordingly, the Court remands this case to the Eighth Judicial District Court.

## I.     BACKGROUND

Plaintiff originally filed her complaint in state court on June 8, 2012. (*See* Compl., ECF No. 1-1.)  On July 10, 2012, Defendant removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Pet. for Removal 2:5-7, ECF No. 1.) Specifically, Defendant asserts that Plaintiff is domiciled in Nevada and that Defendant is domiciled in New Hampshire. (*Id.* at 2:17-22.)  Defendant further states that "[t]he matter in controversy allegedly exceeds $75,000.00 based on Plaintiff's request for exemplary damages... ." (*Id.* at 2:16-17.)

On August 14, 2012, after reviewing Defendant's Petition for Removal, the Court entered an Order to Show Cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 12.) Specifically, the Court requested that Defendant provide additional basis for its assertion that the case involved the requisite amount in controversy. (*Id.*) In response, on August 21, 2012, Defendant filed a "Response to this Court's order to show cause regarding the matter in controversy amount in this litigation." (ECF No. 14.)

## II.   <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is

not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III. DISCUSSION

In this case, Defendant based its removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  However, Defendant has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  Although Defendant established that the diversity of citizenship requirement is satisfied, Defendant failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In response to the Court's Order to Show Cause (ECF No. 12), Defendant asserts that the amount in controversy is met by the "recitation of the $50,000.00 Uninsured/Underinsured Motorist policy limit and the blanket allegation of 'exemplary damages' within Plaintiff's Complaint." (Def.'s Resp. to OSC 2: 18-21, ECF No. 14.)

However, the Ninth Circuit has already expressed that such a bare assertion is inadequate to establish federal jurisdiction. *See Matheson*, 319 F.3d at 1091.  For example, in *Matheson*, the complaint sought "'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages." *Id.*  However, the complaint was devoid of any indication of how much "in excess" of $10,000 the plaintiff was seeking. *Id.*  Accordingly, the court held that this assertion alone was insufficient to find that the defendant "made the required showing of the amount in controversy. *Id.*; *see also Wilson v. Union Security Life Ins. Co.*, 250 F. Supp. 2d 1260, 1263 (D. Idaho 2003) (finding that Defendant's reliance on

"common sense" was insufficient to establish that the amount in controversy exceeded $75,000).

Here, as Defendant noted, the complaint seeks in excess of $50,000.00. However, similar to *Matheson*, Plaintiff's complaint does not detail how much in excess of $50,000 she is seeking. Furthermore, Defendant failed to provide additional facts from which the Court could conclude, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[1] Rather, Defendant attempted to establish that the amount in controversy was met by stating that "when combining Plaintiff's amount of alleged general damages requested with the allegation of exemplary damages, the matter in controversy amount of $75,000.00 *may* be exceeded ... ." (Def.'s Resp. to OSC 4:16-18, ECF No. 14 (emphasis added).) However, this bare assertion is insufficient and fails to persuade the court that there is no "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal quotation marks omitted).

Defendant further attempted to carry its burden by alleging that Plaintiff's counsel "expressly refused" to stipulate that Plaintiff's alleged damages would be limited to under $75,000. (Def.'s Resp. to OSC 3:1-5, ECF No. 14.) This argument is also unpersuasive. Defendant fails to provide any legal authority that permits such a conclusion from a failure to so stipulate. In fact, many district courts within this circuit have declined to consider a refusal to stipulate to damages below the jurisdictional amount, when determining whether the amount in controversy requirement is met. *See e.g.*, *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045 (D. Nev. June 24, 2010); *Conrad Assocs. v. Hartford Acc. &*

---

[1] Defendant correctly notes that a request for exemplary or punitive damages within a complaint is considered when determining whether the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that, among other things, any exemplary or punitive damages or attorney fees that are sought in the complaint must be included in the calculation to determine the amount in controversy). However, Defendant has failed to provide adequate evidence establishing that the amount sought would result in the amount in controversy exceeding the statutorily required amount. Defendant's citation to Nev. Rev. Stat. § 42.005 is unpersuasive. That statute states that "an award of exemplary or punitive damages made pursuant to this section *may not exceed* . . . [t]here hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." Nev. Rev. Stat. § 42.005 (emphasis added). This statute provides the maximum amount that Plaintiff may seek; the statute does not provide persuasive evidence as to the actual amount in controversy.

*Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998).

For these reasons, Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 8th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge